### HENRY B. WHEELWRIGHT *vs.* JAMES SYLVESTER

A public officer, authorized by *St.* 1859, *c.* 239 to institute and prosecute complaints under the bastardy acts in certain cases, has no authority to take a note for a fixed sum, payable to himself, in settlement of such a complaint, under § 5 of that statute, which prohibits the withdrawal or settlement of such complaints without the consent of one of the public officers therein enumerated, unless provision is made to the satisfaction of the court for indemnity against past and future charges for the child's maintenance, and the costs; and a note so taken is void.

CONTRACT on the following promissory note: " $225. For value received, I promise to pay to H. B. Wheelwright, or order,

two hundred and twenty five dollars, in three months, with interest from date. Boston, April 19, 1860. James Sylvester. Witness, J. M. Williams." At the trial in the superior court, upon agreed facts which are stated in the opinion, judgment was rendered for the plaintiff, and the defendant appealed to this court.

*B. F. Jacobs,* for the defendant, cited *St.* 1859, *c.* 239, § 5; *Merrill* v. *Prince,* 7 Mass. 396; *Johnson* v. *Kendall,* Ib. 340; *Cole* v. *Gower,* 6 East, 110; *Beeley* v. *Wingfield,* 11 East, 46; *Kingsbury* v. *Ellis,* 4 Cush. 578; *Kendrick* v. *Crowell,* 38 Maine, 42.

*G. Morrill,* for the plaintiff. Proceedings in bastardy cases being civil in their nature, (*Hill* v. *Wells,* 6 Pick. 104, *Wilbur* v. *Crane,* 13 Pick. 284, *Williams* v. *Campbell,* 3 Met. 209,) may be settled; and the plaintiff, acting in behalf of the Commonwealth, had power to release the defendant's implied liability to the Commonwealth, under *St.* 1859, *c.* 239, §§ 3, 5, and such release was a good consideration for the note. A note given to the mother has been held valid. *Haven* v. *Hobbs,* 1 Verm. 238, *Holcomb* v. *Stimpson,* 8 Verm. 141. *Moyer* v. *Folk,* Harper, (S. C.) 50. *Maxwell* v. *Campbell,* 8 Ohio, (N. S.) 265. So a voluntary bond given to commissioners of the poor. *Commissioners of the Poor* v. *Gilbert,* 2 Strobh. (S. C.) 152.*

HOAR, J. The note was taken by the plaintiff, as chairman of the alien commissioners of the Commonwealth, in the settlement of a bastardy process, commenced and prosecuted under the direction of the alien commissioners, on complaint of a female state pauper, an inmate of the State Hospital at Rainsford Island, against the defendant's son. The *St.* of 1859, *c.* 239, authorized the prosecution to be so conducted; and provided that the complaint should not be withdrawn, dismissed or settled, by agreement of the mother and the putative father, without consent of the commissioners, unless provision should be made to the satisfaction of the court to relieve and indemnify

---

* See also *Hoit* v. *Cooper,* 41 N. H. 111; *St. Albans Bank* v. *Dillon,* 30 Verm. 122.

the Commonwealth of and from all charges which had accrued or might accrue for the maintenance of the bastard child, and for the costs of complaint and prosecution.

Two objections are taken to the legality of the note : 1. That it is in form a private contract with the plaintiff, and not with the Commonwealth, or with him as a public officer; and, 2. That it is a promise to pay a fixed sum, where the statute only contemplates and authorizes the taking of an indemnity.

Upon the first ground, it is certainly a very irregular proceeding, and one which might lead to grave abuses, for a public officer to take in his own name an obligation which he is only authorized to take in behalf of the Commonwealth, without anything to indicate the capacity or right in which it is received, or to distinguish it from his private property. This consideration is especially applicable to a negotiable promissory note, made payable at a future day, and transferable by indorsement. In the hands of an indorsee for value, taking it in good faith, it would be binding on the maker without reference to the original consideration; and it puts the property of the Commonwealth into a shape not easy to identify in case of the death, or insolvency, or dishonesty of the agent.

But the second is a more serious objection, and fatal to the maintenance of the action. The plaintiff was a public officer, and took this note in his official capacity. In that capacity, he was authorized to institute and prosecute the complaint against the defendant for only two purposes : first, to secure to the mother the assistance of the putative father of her bastard child in providing for its support; and secondly, to indemnify the Commonwealth against the expense which might be occasioned by reason of the child's being a public charge. The first purpose is personal to the complainant, and the claim could be settled upon any terms to which she would agree. But the note does not appear to have been taken by her direction or for her use. The second depended wholly upon the statute; and the authority of the plaintiff to act in the premises was derived exclusively from that source. He had a right to require an indemnity for the Commonwealth " to the satisfaction of the court."

Instead of doing this, he undertook to accept a promise for the payment of a fixed sum, and to bind the Commonwealth for the support of the child. The statute gave him no authority to make such a bargain; and we cannot see that it would be binding upon the Commonwealth. The expenses, to meet which the note was given, had not been incurred; and if the child had died, might never have become necessary. It was a speculation upon the chances of the future, which the law did not contemplate, and which, made with the power which the control of the prosecution gave him, might be oppressive. A similar question came before the king's bench in England, in *Cole* v. *Gower*, 6 East, 110. A statute had authorized parish officers to take security of the putative father of a bastard child to indemnify the parish, and it was held that they could not recover upon a note which they had taken for a fixed sum agreed upon as a substitute for such indemnity; and that such a contract was against public policy.

Upon grounds somewhat similar, it was held in *Kingsbury* v. *Ellis*, 4 Cush. 578, that a note taken by a justice of the peace for a fine which he had imposed upon a prisoner convicted of an offence before him was void, and could not be enforced.

It is important that public officers should be strictly limited to the line of duty which the law prescribes to them. There was no legal consideration for this note, and upon the facts agreed there must be *Judgment for the defendant.**

---

\* By *St.* 1862, *c.* 213, passed after the above decision was made, it is provided that "Public officers authorized to institute prosecutions and make complaints under the seventy-second chapter of the General Statutes may, with the consent of the mother or of her parent or guardian, compromise the same on receipt of a fixed sum or security for the payment thereof, for the benefit of the city, town or Commonwealth, as the case may be, instead of prosecuting the same to final judgment."